UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 11-70 |
| ANTHONY DAVIS<br>RUSSELL DAVIS | SECTION I |

## ORDER AND REASONS

Before the Court are two substantively identical petitions filed by petitioners (and brothers), Anthony Davis ("Anthony"),[1] and Russell Davis ("Russell"),[2] for post-conviction relief pursuant to 28 U.S.C. § 2255. The government opposes both petitions.[3] For the following reasons, the Court finds that an evidentiary hearing is not required and the petitions are **DENIED**.

## BACKGROUND

On March 31, 2011, a grand jury returned a 10-count indictment against Anthony, Russell, and four co-defendants.[4] Count 1 charged that beginning at a time unknown, but prior to February 3, 2011, and continuing thereafter to a time unknown, but at least until on or about March 2, 2011, Anthony, Russell, and the other co-defendants conspired to distribute and possess with the intent to distribute 280 grams or more of cocaine base ("crack") and a quantity of cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and (b)(1)(C), all in violation of 21 U.S.C. § 846.[5] Count 2 charged that, on or about February 2, 2011, Anthony

---

[1] R. Doc. No. 315.
[2] R. Doc. No. 316.
[3] R. Doc. No. 323; R. Doc. No. 324.
[4] R. Doc. No. 36.
[5] R. Doc. No. 36, at 1-2.

alone distributed of a quantity of heroin in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).[6] Counts 3 and 7 charged that Anthony and Russell, aided and abetted by each other and others, distributed and possessed with the intent to distribute a quantity of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), on two separate occasions: February 3, 2011, and March 2, 2012, respectively.[7] Counts 4 and 6 charged that, Anthony, Russell, and another co-defendant, aided and abetted by each other and others, distributed and possessed with intent to distribute 28 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), on two separate occasions: February 15, 2011, and March 2, 2011, respectively.[8] Count 5 charged that, on or about February 28, 2011, Russell (but not Anthony) and another co-defendant, aided and abetted by each other and others, distributed and possessed with intent to distribute 28 grams or more of cocaine base, in violation of 21 U.S.C. §§ 2, 841(a)(1) and (b)(1)(B).[9] The indictment also included a notice of asset forfeiture.[10]

On December 1, 2011, the Court was informed that Anthony and Russell had entered into plea agreements with the government in which (1) Anthony agreed to plead guilty to counts 2, 3, 4, and 7,[11] (2) Russell agreed to plead guilty to counts 3, 4, 5, 6, and 7,[12] and (3) the government agreed to ask the Court to dismiss count 1 as to both and count 6 as to Anthony.[13] The plea agreements contained waivers of appeals and post-conviction proceedings.[14]

---

[6] R. Doc. No. 36, at 2.
[7] R. Doc. No. 36, at 2, 4.
[8] R. Doc. No. 36, at 3-4.
[9] R. Doc. No. 36, at 3.
[10] R. Doc. No. 36, at 6.
[11] R. Doc. No. 123, at 1.
[12] R. Doc. No. 122, at 1.
[13] R. Doc. No. 122, at 2; R. Doc. No. 123, at 2.
[14] R. Doc. No. 122, at 3-4; R. Doc. No. 123, at 3-4.

At their joint rearraignment, Anthony and Russell agreed to the factual basis setting forth the facts underlying their respective counts of conviction, including the amount of drugs involved,[15] and agreed to bills of information establishing that each had a prior drug conviction.[16] The Court informed Anthony and Russell of the statutory sentencing range, including the applicable mandatory minimum and each stated that they understood they would be sentenced within that range.[17]

Also at rearraignment, counsel for the government summarized the waivers of appeal and post-conviction relief in the plea agreements,[18] and the Court confirmed that both Anthony and Russell understood that they had rights to collateral review and were waiving those rights, except to the extent that they could show that (1) they "received ineffective assistance of counsel and the claimed ineffective assistance directly affected the validity of [their] pleas or [their] waiver of appeal" or (2) "the indictment did not state an offense and/or . . . the factual basis or [sic] the plea did not show the commission of an offense."[19]

Anthony and Russell stated under oath that they understood the waivers of appeal explained to them.[20] Counsel for both Anthony and Russell stated that they had explained "the waiver of appellate rights, both on direct appeal and through a collateral attack" to their clients, and that they were satisfied that Anthony and Russell understood the rights they were giving

---

[15] R. Doc. No. 121; R. Doc. No. 226, at 34-49.
[16] R. Doc. No. 119; R. Doc. No. 120; R. Doc. No. 226, at 54-55.
[17] R. Doc. No. 226, at 16-18.
[18] R. Doc. No. 226, at 24.
[19] R. Doc. No. 226, at 25-29
[20] R. Doc. No. 226, at 27.

up.[21]  Anthony and Russell then agreed that they had no questions or comments about counsel's statements.[22]

On March 23, 2012, the Court ordered that Anthony be imprisoned for a term of "71 months as to each of counts 2, 3 and 7 and 168 months as to count 4, all to be served concurrently."[23]  Also on March 23, 2012, the Court ordered that Russell be imprisoned for a term of "125 months as to each of counts 3 and 7 and 180 months as to each of counts 4, 5, and 6, all to be served concurrently."[24]

Anthony and Russell each filed a notice of appeal.[25]  The United States Court of Appeals for the Fifth Circuit consolidated the appeals and concluded that petitioners' "plea agreements, including their appeal waivers, were voluntary and knowing." *See United States v. Davis*, 523 F. App'x 283, 285 (5th Cir. 2013).  Accordingly, the Court of Appeals enforced the appeal waivers and dismissed the appeals.  *See id.*

The instant petitions were filed on June 18, 2014,[26] and each petition is essentially identical.  Anthony and Russell argue that their respective attorneys rendered ineffective assistance of counsel by (1) failing to inform them of the consequences of pleading guilty or the minimum and maximum sentences,[27] (2) failing to negotiate plea agreements preserving additional constitutional rights or reducing the amount of drugs to which they pleaded,[28] and (3) failing to file pretrial motions or to interview witnesses.[29]  Both also contend that their sentences

---

[21] R. Doc. No. 226, at 31.
[22] R. Doc. No. 226, at 33.
[23] R. Doc. No. 186, at 2.
[24] R. Doc. No. 187, at 2.
[25] R. Doc. No. 191; R. Doc. No. 194.
[26] R. Doc. No. 315; R. Doc. No. 316.
[27] R. Doc. No. 315, at 12-13; R. Doc. No. 316, at 11-13.
[28] R. Doc. No. 315, at 2; R. Doc. No. 316, at 2.
[29] R. Doc. No. 315, at 15-16; R. Doc. No. 316, at 15-16.

are unconstitutional in light of *Alleyne v. United States*, 133 S. Ct. 2151 (2013), because the amount of drugs used to calculate their sentences was "never proven."[30] In response, the government argues that the post-conviction relief waivers should be enforced and the petitions should be dismissed.[31]

## LAW AND ANALYSIS

**I.  28 U.S.C. § 2255**

Section 2255(a) provides a prisoner in custody with four grounds upon which relief may be granted: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" or (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see Hill v. United States*, 368 U.S. 424, 426-27 (1962). Section 2255 is designed to remedy constitutional errors and other injuries that could not be brought on direct appeal and would result in injustice if left unaddressed. *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). "[A] proceeding under Section 2255 is an independent and collateral inquiry into the validity of the conviction . . . ." *United States v. Hayman*, 342 U.S. 205, 222-23 (1952). The inquiry does not extend to the misapplication of sentencing guidelines. *See Williamson*, 183 F.3d at 462.

"The § 2255 remedy is broad and flexible, and entrusts to the courts the power to fashion an appropriate remedy." *United States v. Garcia*, 956 F.2d 41, 45 (4th Cir. 1992) (citing *Andrews v. United States*, 373 U.S. 334, 339 (1963)). Pursuant to § 2255, the Court must grant defendant a hearing to determine the issues and make findings of fact and conclusions of law

---

[30] R. Doc. No. 315, at 13-15; R. Doc. No. 316, at 13-15.
[31] R. Doc. No. 323; R. Doc. No. 324.

unless "the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992).

"The Supreme Court has emphasized repeatedly that a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (quotation omitted). "[T]he general rule [is] that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice" or actual innocence. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 622 (1998). The Supreme Court has held that "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought" in a § 2255 proceeding. *Massaro*, 538 U.S. at 509; *see also, e.g.*, *United States v. Johnson*, 124 F. App'x 914, 915 (5th Cir. 2005).

## II. Waiver of Post-Conviction Relief

A defendant may waive his right to 28 U.S.C. § 2255 post-conviction relief if the waiver was knowing and voluntary. *United States v. White*, 307 F.3d 336, 343-44 (5th Cir. 2002) (citing *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994)). For such a waiver to be knowing and voluntary, a defendant must understand that he has a right to collateral review and that he is giving up that right. *United States v. Jacobs*, 635 F.3d 778, 781 (5th Cir. 2011) (citation and quotation omitted).

"[A]n ineffective assistance of counsel argument survives a waiver of appeal only when the claimed assistance directly affected the validity of that waiver or the plea itself." *White*, 307 F.3d at 343. A "knowing and intelligent waiver" may not be "easily evaded" merely by raising an ineffective assistance of counsel claim. *Id.* at 344. Where a defendant knowingly and voluntarily agrees to a waiver, despite alleged ineffective assistance of counsel, "the guilty plea sustains the conviction and sentence and the waiver can be enforced." *Id.* at 343-44.

### III. Ineffective Assistance of Counsel

The United States Supreme Court set forth the standard for judging the performance of counsel in *Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland*, the Court articulated a two-part test that requires the petitioner to prove (1) deficient performance and (2) resulting prejudice. *Id.* at 697. Deficient performance is established by "show[ing] that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. In applying this standard, a "court must indulge a 'strong presumption' that counsel's conduct falls within the wide range of reasonable professional assistance because it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight." *Bell v. Cone*, 535 U.S. 685, 702 (2002) (quoting *Strickland*, 466 U.S. at 689).

The second prong of the *Strickland* test looks to the prejudice caused by counsel's allegedly deficient performance. This requires "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A petitioner who pleaded guilty must show the outcome of the plea process would have been different with competent advice and "but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." *See Lafler v. Cooper*, 132 S. Ct. 1376, 1384-85 (2012) (quoting *Hill*, 474 U.S. at 59).

### IV. Discussion

Anthony and Russell assert a hodgepodge of examples of purported ineffective assistance of counsel, none of which directly implicate the validity of the post-conviction relief waiver itself. For the purposes of deciding the enforceability of the waiver, the Court will assume without deciding that the purported ineffective assistance implicates in some way the validity of their guilty pleas. *See White*, 307 F.3d at 343.

First, both Anthony and Russell contend that their counsel "failed to inform [them] of the consequences of pleading guilty as opposed to proceeding to trial including informing [them] of the minimum and maximum penalties."[32] These contentions fail, at the very least, because neither petitioner has satisfied the *Strickland* prejudice prong.

At rearraignment, the Court informed petitioners of the minimum and maximum penalties they faced and the rights they waived by pleading guilty instead of proceeding to trial.[33] Both Anthony and Russell stated that they understood the potential sentence and the rights they forfeited by pleading guilty instead of proceeding to trial.[34] Both were aware of their rights and the potential penalties, so the purported ineffective assistance by counsel could not have affected their decision to plead guilty.[35]

Second, both Anthony and Russell contend that counsel "failed to negociate [sic] with the government a plea in which [they] would not have to waive all of [their] constitutional rights," and "failed to negociate [sic] with the government prior to [them] accepting the plea agreement a lower amount of drugs that [they] would be held responsible for."[36] These contentions are wholly speculative, and "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *See United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) (quoting *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989)). Moreover, neither Anthony nor Russell asserts that he would not have pleaded guilty had counsel been effective; therefore, they do not establish prejudice under the second *Strickland* prong because the outcome of plea

---

[32] R. Doc. No. 315, at 12; R. Doc. No. 316, at 11-12.
[33] R. Doc. No. 226, at 16-21.
[34] R. Doc. No. 226, at 17-18, 20-21.
[35] To the extent that Anthony and Russell contend they were not informed by counsel that they "would be open to serving more time than [they were] expecting," R. Doc. No. 315, at 2; R. Doc. No. 316, at 2, both expressly understood that the Court "could impose the maximum possible sentence" explained to them, R. Doc. 226 at 17-18.
[36] R. Doc. No. 315, at 2; R. Doc. No. 316, at 2.

negotiations would not have been different had counsel been effective. *See Craker v. McCotter*, 805 F.2d 538, 542 (5th Cir. 1986).[37]

Third, both Anthony and Russell contend that their attorneys were ineffective because they did not interview witnesses, file pretrial motions, or provide them with copies of the government's discovery.[38] But neither petitioner specifies a particular motion that should have been filed or a witness who should have been interviewed, let alone how any motion or witness testimony would have affected their decision to plead guilty. Nor have petitioners articulated with any degree of detail why they would not have pleaded guilty had counsel filed an (unspecified) motion, interviewed any (unidentified) witnesses, or provided them with copies of the government's discovery. These vague and speculative allegations fail to establish ineffective assistance of counsel.

The Fifth Circuit concluded on direct appeal that Anthony and Russell's plea agreements, including their appeal waivers, were knowing and voluntary. *See* 523 F. App'x at 285 ("[T]he record shows the plea agreements, including [Anthony and Russell Davis's] plea agreements . . . were voluntary and knowing."). Reviewing the record again in light of their vague allegations of purportedly ineffective assistance of counsel, the Court again concludes again that the guilty pleas in general, and the waivers of § 2255 post-conviction relief in particular, were knowing and

---

[37] Although petitioners cite *Missouri v. Frye*, 132 S. Ct. 1399 (2012), and *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), neither case is on point. *Frye* involved counsel who failed to convey a favorable plea offer, *see* 132 S. Ct. at 1408, and *Lafler* involved counsel who advised the defendant to reject a favorable plea offer, *see* 132 S. Ct. at 1385. Neither circumstance is present here.

[38] R. Doc. No. 315, at 12, 15-16. The Court will assume that this purported ineffective assistance implicates the validity of petitioners' guilty pleas, rather than being the sort of pre-plea deprivation of constitutional rights waived by a guilty plea. *See, e.g.*, *United States v. Daughenbaugh*, 549 F.3d 1010, 1012 (5th Cir. 2008).

voluntary[39] and were not affected in any way by any ineffective assistance of counsel. Based on the foregoing, the Court finds that Anthony and Russell knowingly and voluntarily entered into written plea agreements in which they waived their right to challenge their convictions and sentences in a collateral proceeding such as this one.

### III. Merits

Even if Anthony and Russell had not waived their rights to file these § 2255 petitions, the petitions are meritless. First, their assertions of ineffective assistance of counsel fail for the reasons set forth above.

Second, Anthony and Russell both contend that they were sentenced based on facts regarding drug amounts and prior convictions not proven to a jury, in violation of *Alleyne v. United States*.[40] But *Alleyne*'s rule that "facts that increase mandatory minimum sentences must be submitted to the jury" cannot help a defendant who admitted those facts. *See United States v. Davis*, No. 07-357, 2013 WL 5674134, at *5 (E.D. La. Oct. 16, 2013) (Africk, J.); *see also Alleyne*, 133 S. Ct. at 2163. Anthony and Russell pleaded guilty and signed a factual basis and bills of information establishing the amounts of drugs involved in their counts of conviction as well as their prior convictions,[41] and confirmed under oath that they admitted those amounts and prior convictions.[42] Therefore, *Alleyne* does not apply and their arguments are without merit.

---

[39] To reiterate, at rearraignment Anthony and Russell stated under oath that they understood they understood the waivers of appeal explained to them. R. Doc. No. 226, at 27. Counsel for both Anthony and Russell stated that they explained "the waiver of appellate rights, both on direct appeal and through a collateral attack" to their respective clients, and that they were satisfied that their clients understood the rights they were giving up. R. Doc. No. 226, at 31. Anthony and Russell then agreed that they "heard and understood the questions [the Court] just directed to your attorneys and their answers," and had no questions or comments about counsel's answers. R. Doc. No. 226, at 33.
[40] R. Doc. No. 315, at 15; R. Doc. No. 316, at 15.
[41] R. Doc. No. 119; R. Doc. No. 120; R. Doc. No. 121.
[42] R. Doc. No. 226, at 16, 34-47.

## CONCLUSION

An evidentiary hearing is required on defendant's petition "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). For the foregoing reasons, the petitions, files, and record of the case conclusively show that petitioners are not entitled to relief. *See Bartholomew*, 974 F.2d at 41. Accordingly,

**IT IS ORDERED** that the petitions are **DENIED** and Anthony and Russell's post-conviction applications are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, September 23, 2014.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**